Price, J.
The plaintiff sued for divorce in the lower court, and alleged in his petition that he and the defendant were married at Cleveland, Ohio, on the 30th day of June, 1890, and that no children have been born of such marriage, and makes the necessary averments as to his residence in Hancock county to entitle him to bring his suit in that county. It is also alleged that he has provided a comfortable home for his wife and furnished all. the necessaries of life, and in all respects has been an indulgent and^faithful husband.
As the sum of his grievances and ground for divorce, he ' says the wife has been guilty of gross neglect of duty toward him, in this, to-wit: That ever since the 17th .day of April, 1894, she has wholly failed, refused and neglected to perform any of her marital duties, and on that day, left his home and has ever since refused to co-habit with him. He further says there was no just cause or provocation for leaving him, and that she did so without his consent and against his will.
The petition was filed on the 25th day of June, 1896 — a little over two years from the date, the wife left the home of the husband.
*285 The wife filed an answer to the charge made, and alleges the cause of the separation to be the wrongful conduct of the plaintiff.
By cross-petition she asks alimony, and on her motion, new parties were made defendants, to whom she alleges, the husband had transferred valuable stocks and property in fraud of her rights.
The reply traversed the averments of the cross-petition. At the January term of the court of common pleas, 1897, the cause came on for trial, and the certified entry shows the following disposition of the case:
“This day came Frank W. Radcliff, plaintiff, with his attorneys, and also came the said Cora E, Radcliff, defendant, with her attorneys, and thereupon this cause came on for hearing, and the said plaintiff having caused his witnesses to be sworn, offered himself as a witness in his own behalf, who was about to testify, and the defendant, by her counsel, objected to the introduction of any testimony under said petition, for the reason that said petition does not contain facts sufficient to constitute a ground for divorce for said plaintiff, which said motion was argued by counsel, and the court being fully advised in the premises, it is ordered that said motion be, and the same is hereby sustained, and said petition of said plainitff, and also the said cross-petition of said defendant, is hereby dismissed, without prejudice, at the costs of the said plaintiff.”
The plaintiff excepted to the . decision and order of the court, and also gave notice of appeal to this court, and has perfected his appeal.
We have heard the motion of' defendant to dismiss the appeal, and the question is made, whether an appeal will lie, to this court, from the order and decision of the lower court?
The only authority for such appeal in an action for divorce, is found in section 5706 of Revised Statutes, which reads:
*286 “No appeal shall be allowed from any judgment or order of the court of common pleas under this chapter (divorce and alimony), except from an order dismissing the petition without final hearing, or from a final order or judgment, granting or refusing alimony * * * ; when judgment is rendered for both divorcíe and alimony, the appeal shall apply only to so much of the judgment as relates to the alimony. * *”
The controversy here arises over the construction to be given to the order of the court, and the first clause of the section quoted: “No appeal shall be allowed from any judgment or order of the court under this chapter, except from an order dismissing the petition without final hearing.”
It is claimed for the plaintiff that the court did dismiss the petition without final hearing, and hence the right of appeal existed.
The witnesses for plaintiff were sworn, and the plaintiff offered himself as a witness in his own behalf, and objection was made by the defendant to the introduction of any testimony, on the ground that the petition stated no case for divorce. The objection was sustained, and the petition dismissed; and the order was, in substance, a holding that the petition did not contain facts sufficient to constitute a ground for divocre. There was no request for leave to amend the petition, and it would have been an idle ceremony to hear evidence offered by each party, if there was no case stated in the petition,
The plaintiff alleged in that pleading, that the wife was guilty of gross neglect of duty in leaving his home at a certain time and refusing to return and perform her marital duties. Under this form of averment he would establish gross neglect of duty by proving wilful absence. The facts pleaded show wilful absence, but for less than three years, and the husband cannot transform the situation into a case under another statutory name, to-wit: gross neglect of duty.
. The objection to any evidence raised the same question *287 that would have been raised by a general demurrer, and the hearing of witnesses would not strengthen the petition or enlarge its scope.
It is not the usual rule of practice,perhaps, but it is a rule nevertheless, that a party may properly object to the introduction of any evidence to support a fatally defective pleading.
To set out facts making only a part of a cause of action will not justify the admission of testimony to establish an entire, or good cause of action, and failing to demur does not Io3e to the defendant the fight to object to its introduction.
What, then, is the character of the decision and order of the lower court?' Was the petition dismissed "without a final hearing?”
We think not. There was no effort to amend, and the plaintiff thereby chose to go down with his faulty pleading. He had stated his case on which he relied for a decree, and the facts stated were adjudicated and held to be insufficient to warrant a decree. This was a final hearing of the petition, and a hearing of plaintiff's case on the merits, and hence it was not dismissed "without a final hearing.”
What bearing on this question have the words — dismissed without prejudice,” — ■ which are found in the entry?
None, in our judgment. Those words constitute a reservation in favor of the plaintiff to again sue upon the cause of action, and the judgment of dismissal in question, would be no bar to the maintainance of such new action.
The order and judgment of dismissal are none the less final, because of the the words "without prejudice” in the entry.
Black, in his work on Judgments, in sec. 721, says; "Where a bill in equity is dismissed ‘without prejudice,’ the effect of the reservation is to prevent the decree ffom constituting a bar to another suit brought upon the same subject matter.
H. F. Burket, for motion.
A. Blackford, Judge Noble, contra.
“The purport of a decree so framed is, that such dismissal shall not operate as a bar to a new suit which the party may institute. It does not debar the defendant of any defense which he might be entitled to make in the new suit, and confers no privilege on the complainant.”
“In fact, the effect of the reservation is merely to prevent the decree from constituting a bar to another suit brought upon the same title, but it by no means compromits the court as a judicial determination in favor of that title. Nor does it alter the case, that the court erred, by dismissing the bill‘without prejudice, ’ when it ought to have been dismissed finally on its merits.”
If the court below was wrong in the order and judgment, error is the proper remedy,and not appeal.' Motion to dismiss appeal sustained.